**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION**

DERRICK LAMONT BOOTH,                                                                                PETITIONER
ADC #86775

v.                                              No. 5:15CV00295-JLH-JTK

WENDY KELLEY, Director,
Arkansas Department of Correction                                                                RESPONDENT

### ORDER

Derrick Lamont Booth brings this habeas petition pursuant to 28 U.S.C. § 2254. He alleges four grounds for relief: (1) sufficiency of the evidence; (2) ineffective assistance of trial counsel; (3) violation of his right to fundamental fairness by the judge's failure to execute the judgment and commitment order; and (4) cumulative error. Booth alleges that his trial counsel was ineffective for failing to impeach Fire Marshal Ryan Baker regarding the source and origin of the fire and regarding his knowledge and qualifications for testifying in the case, failing to challenge the state's forensic evidence of arson, and failure to investigate and introduce evidence on his behalf.

On January 25, 2016, United States Magistrate Judge Jerome T. Kearney submitted proposed findings and partial recommended disposition in which he recommended that Derrick Lamont Booth's first, third, and fourth grounds for relief should be denied; that his claim for ineffective assistance of trial counsel for failing to investigate should be denied as procedurally defaulted and without merit; that his claim of ineffective assistance of counsel regarding the cross-examination of Baker or the source and origin of the fire should be denied; and that the Court should hold an evidentiary hearing on Mr. Booth's remaining ineffective assistance of trial counsel claims.

Also on January 25, 2016, Judge Kearney appointed counsel to represent Booth. Booth's appointed lawyer has now filed objections to Judge Kearney's proposed findings and

recommendations. In part, those objections rely upon an expert report prepared by a fire investigator, Paul Bieber, after Judge Kearney had issued his proposed findings and recommended partial disposition. Although the objections submitted by recently appointed counsel rely upon arguments and information that were not presented to Judge Kearney, the Court has considered those objections and the report by Mr. Bieber, which indicates some basis for the assertion that Booth's trial counsel was ineffective in cross-examining Baker on the source and origin of the fire. The Court declines to accept the portion of the proposed findings and recommended partial disposition in which Judge Kearney concluded that Booth's trial counsel was not ineffective in his cross-examination of Fire Marshal Baker on issues pertaining to the source and origin of the fire. Judge Kearney's proposed findings and recommended disposition is adopted by the Court in all other respects. Judge Kearney has scheduled an evidentiary hearing, and that hearing will include the issue of whether Booth's trial counsel was ineffective on cross-examination of Baker on the source and origin of the fire.

For the reasons stated, the recommended partial disposition (Document #31) is adopted in part and in part remanded to Judge Kearney for further consideration.

IT IS SO ORDERED this 23rd day of February, 2016.

_____
J. LEON HOLMES
UNITED STATES DISTRICT JUDGE